UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMA CAMP, et al.,

      Plaintiffs,

v.

CITY OF CHARLEVOIX, et al.,

      Defendants.

                                           /

File No.  1:07-CV-980

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter is before the court on a motion to dismiss and/or stay filed by Defendants City of Charlevoix, City of Charlevoix Zoning Board of Appeal, Gerry Harsch and Dianne Manore (the "Charlevoix Defendants") (Dkt. No. 13), and on a motion for judgment on the pleadings filed by Defendants James Anderson, Patricia Anderson, and APJ Properties, LLC (the "Anderson Defendants") (Dkt. No. 15).  For the reasons that follow the Charlevoix and Anderson Defendants' motions to dismiss will be granted in part and denied in part.  The Court will stay proceedings on Plaintiffs' federal claims and will remand Plaintiffs' state law claims to the Charlevoix County Circuit Court.

I.

The underlying facts are not in dispute. The Anderson Defendants own three contiguous parcels of property within the City of Charlevoix.  Two of the parcels abut the shores of Round Lake.  (Dkt. No. 2, Notice of Removal, Ex. 1(b), Compl. ¶¶ 9-11, 21.)

Plaintiffs Norma Camp, Eugene Chardoul, Nan Ruth Chardoul, Eldon E. Johnson, Jon Reis, and Eugene Saenger, Jr., own waterfront property on Round Lake within 300 feet of the Anderson Defendants' property.  On June 30, 2005, the Charlevoix County Circuit Court granted the Anderson Defendants a prescriptive easement over properties owned by Plaintiffs and others which provides as follows:

> That the owners of the Benefited Properties, their guests and invitees shall have the right to use Lower Drive for ingress and egress without restrictions. The scope of lower Drive shall be established as historically used as reflected in the record of these proceedings, which includes but not limited to motor vehicle traffic, foot traffic and non-motorized vehicle traffic.

(Compl. Ex. B, 6/30/05 Order ¶ 4.)

On January 22, 2007, the Anderson Defendants applied for a zoning permit for the construction of a single-family residence with an attached boathouse accessory building on their property.  (Compl. ¶ 20.)  On March 26, 2007, the City of Charlevoix issued the Anderson Defendants zoning permit #2850.  The permit was signed by Defendant Dianne Manore, Zoning Administrator, and Defendant Gerry Harsh, City Planner.  (Compl. ¶¶ 7, 8, 27; Compl. Ex. E.)  The permit was issued without notice to the neighboring landowners and without a public hearing.  (Compl. ¶ 31.)

The City of Charlevoix Zoning Ordinance requires that any appeal from a decision of the Zoning Administrator be filed within 30 days of the date of any such decision.[1]  On

---

[1]The Michigan Zoning Enabling Act, M.C.L. §§ 125.3101-.3702, authorizes local units of government to regulate the use of land and structures by zoning, and provides that persons aggrieved by a zoning action may take an appeal to the zoning board of appeals
(continued...)

May 14, 2007, more than thirty days after the permit was issued, Plaintiff Johnson appealed the issuance of zoning permit #2850 to the Charlevoix Zoning Board of Appeal ("ZBA"). (Compl. ¶ 32; Compl. Ex. F.)  None of the other plaintiffs to this action appealed the issuance of the zoning permit.  On July 18, 2007, the ZBA dismissed Johnson's appeal because it was not filed within thirty days of the issuance of the permit, "and as a result the Board does not have jurisdiction to hear the case."  (Compl. ¶ 36, Ex. J., Minutes of 7/17/07 ZBA Mtg. 16.)  Plaintiff Johnson appealed the dismissal of his ZBA appeal to the Charlevoix County Circuit Court on July 31, 2007.  On November 9, 2007, the Charlevoix County Circuit Court affirmed the ZBA's decision to dismiss Mr. Johnson's appeal.  (Dkt. No. 16, Anderson Defs.' Br., Ex. 5.)  On November 30, 2007, Johnson's claim of appeal to the Michigan Court of Appeals was dismissed for lack of jurisdiction.  (Anderson Defs.' Br.,

---

[1](...continued)
"within such time as prescribed by the zoning board of appeals . . . ."  M.C.L. § 125.3604(2).  Section 5.309 of the City of Charlevoix's Zoning Ordinance prescribes the time for taking an appeal to the ZBA:

> Any person aggrieved by a decision of the Zoning Administrator may appeal that decision to the Zoning Board of Appeals following the procedures of the City of Charlevoix Zoning Ordinance, as amended, for appeals to the Zoning Board of Appeals.  Any such appeal shall be filed within thirty (30) days from the date of the decision from which the appeal is taken.

(Anderson Defs.' Br., Ex. 3, Ordinance § 5.309.)  The ZBA's By-Laws similarly provide:

> Requests for appeals shall be filed within thirty (30) days of any decision forming the basis for such application.

(Anderson Defs.' Br., Ex. 4, ZBA B-Laws, § 2.1.)

Ex. 6.) On August 25, 2008, Johnson's delayed application for leave to appeal was denied. (Dkt. No. 34, Anderson Defs.' Supp. Auth., Ex. 1.)

On August 24, 2007, Plaintiff Johnson joined the other plaintiffs in filing this complaint in the Charlevoix County Circuit Court. Plaintiffs allege that the issuance of the Zoning Permit violated multiple provisions of the Zoning Ordinance and could not have been legally authorized without the grant of multiple variances and conditions by the ZBA, which could only be considered after notice and a public hearing. (Compl. ¶¶ 28, 30.)

In Count I of their complaint Plaintiffs seek a declaration that the Charlevoix Defendants' issuance of the zoning permit illegally authorizes the creation of a nuisance *per se* and that the proposed use of the easement by the Anderson Defendants to access what will be a nuisance *per se* is not within the permissible scope of the prescriptive easement. Plaintiffs also seek an order directing the revocation of the improperly issued permit and permanently enjoining the Anderson Defendants from exceeding the historical scope of the easement. In support of these claims Plaintiffs specifically allege that the zoning permit violates numerous provisions of the Zoning Ordinance and that the Anderson Defendants' proposed use would violate the June 30, 2005, state court order limiting the scope of the prescriptive easement to the historical use during the prescriptive period. (Compl. ¶¶ 41, 42, 45, 55.)

In Counts II and III Plaintiffs seek declaratory and injunctive relief and damages based upon their allegation that the Charlevoix Defendants' conduct was arbitrary and capricious and without any rational relationship to any legitimate governmental interest in

violation of their rights to substantive due process, and that it deprived them of their right to notice and hearing and to appeal in violation of their rights to procedural due process. In support of their substantive and procedural due process allegations Plaintiffs allege in both Counts II and III that the Anderson Defendants' zoning permit was at variance with the provisions of the Zoning Ordinance and that issuance of the zoning permit without notice and a public hearing violated M.C.L. § 125.3103 of the Zoning Enabling Act and Section 5.254 of the City of Charlevoix Zoning Ordinance. (Compl. ¶¶ 65-67, 73-75.)

The Charlevoix Defendants removed the action to federal court on the basis of federal question jurisdiction. (Dkt. No. 2, Notice of Removal ¶ 8.) They have now moved to dismiss and/or to stay the action pursuant to Rules 12(b)(1), 12(b)(6), and/or 12(c), on the alternative arguments that the Court lacks subject matter jurisdiction, that Plaintiffs have failed to state a claim upon which relief can be granted, or that the case must be stayed. (Dkt. No. 13, Charlevoix Defs.' Mot. to Dismiss.) The Charlevoix Defendants contend that Plaintiffs' state law claims are subject to dismissal because they are subsumed into Plaintiff Johnson's appeal, or, in the alternative, are barred by principles of governmental immunity. The Charlevoix Defendants contend that Plaintiffs' federal claims are barred by the *Rooker-Feldman*, *Younger*, or *Burford* abstention doctrine.

The Anderson Defendants have also moved for judgment on the pleadings pursuant to Rule 12(c). (Dkt. No. 15, Anderson Defs.' Mot. for Jgmt. on the Pldgs.) The Anderson Defendants contend that they are entitled to judgment on Plaintiffs' state law claims because Plaintiffs failed to exercise their administrative remedies with regard to the zoning permit,

their claims are barred by the doctrine of res judicata, and because the zoning permit was properly issued as a matter of law. The Anderson Defendants contend that they are entitled to judgment on Plaintiffs' federal claims because Plaintiffs lack a sufficient property interest to support their due process claims and because they are barred by the *Rooker-Feldman* abstention doctrine.

Plaintiffs oppose the motions. They contend that their federal claims are ripe for adjudication, that their state law claims are separate and distinct from and were not subsumed by Plaintiff Johnson's prior circuit court appeal, that the Charlevoix Defendants are not entitled to immunity, that they were not required to exhaust their administrative claims, that their claims are not barred by *res judicata*, and that the zoning permit violated multiple provisions of the City of Charlevoix Zoning Ordinance.

## II.

The Charlevoix Defendants and the Anderson Defendants contend that the Court lacks subject matter jurisdiction because Plaintiffs' federal claims are barred by the *Rooker-Feldman* abstention doctrine. In support of this argument they contend that Plaintiffs' federal claims are "inextricably intertwined" with Plaintiff Johnson's state court proceedings.

The *Rooker-Feldman* doctrine bars federal claims brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-*

*Feldman* doctrine does not apply merely because a state court decision and a federal court decision overlap or are intertwined. *McCormick v. Braverman*, 451 F.3d 382, 394-95 (6th Cir. 2006). As the Sixth Circuit has noted, "[i]n *Exxon*, the Supreme Court implicitly repudiated the circuits' post-*Feldman* use of the phrase 'inextricably intertwined' to extend *Rooker-Feldman* to situations where the source of the injury was not the state court judgment." *McCormick*, 451 F.3d at 394. The proper inquiry for purposes of the *Rooker-Feldman* doctrine is the source of the injury the plaintiff alleges in the federal complaint. *Id*. at 393.

> If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*Id. See also Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 606 (6th Cir. 2007) ("The *Rooker-Feldman* doctrine has no bearing on Powers's claims because he does not allege that he was deprived of his constitutional rights by the state-court judgment . . . .").

Plaintiffs have not alleged that the state court judgments regarding the scope of the prescriptive easement, the state court's affirmance of the ZBA's dismissal of Plaintiff Johnson's appeal from the ZBA, or the state appellate court's dismissal of Johnson's appeal were themselves unconstitutional or in violation of federal law. The alleged source of Plaintiffs' injuries is not the state court judgments, but the action of the zoning commission in granting the zoning permit and the Anderson Defendants' proposed use of the prescriptive

7

easement. Although the state court affirmed the ZBA's dismissal of Plaintiff Johnson's appeal, "[t]he fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same matter into an appeal, forbidden by *Rooker-Feldman*, of the state-court judgment." *Id.* at 394 (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87-88 (2d Cir. 2005)). Because the state court judgments are not the source of Plaintiffs' alleged injury, the *Rooker-Feldman* doctrine does not apply to this action or divest this Court of subject matter jurisdiction.

### III.

The Charlevoix Defendants contend, in the alternative, that the Court should abstain from deciding this case under either the *Younger* abstention doctrine or the *Burford* abstention doctrine because there is an ongoing state proceeding in the Michigan Court of Appeals involving an important state interest of land use.

"*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "Younger abstention is appropriate 'when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims.'" *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 638 (6th Cir. 2007) (quoting *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006)).

> *Younger* abstention is built upon common sense in the administration of a dual state-federal system of justice. When a person is the target of an ongoing state action involving important state interests, a party cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.

*Coles*, 448 F.3d at 865.

In this case, the ongoing state proceeding that the Charlevoix Defendants refer to is Plaintiff Johnson's appeal of the circuit court order affirming the ZBA's decision to dismiss Johnson's challenge to the issuance of the zoning permit as untimely. The other Plaintiffs were not involved in Plaintiff Johnson's state court state proceedings, and those state court proceedings would not in any event provide an opportunity for raising the federal constitutional issues raised in this case. Accordingly, resolution of Plaintiffs' claims in this case would not interfere with the pending state judicial proceedings. Furthermore, this case is in federal court only because of the Charlevoix Defendants' own decision to remove the case from state court. Under such circumstances abstention would effectively prevent Plaintiffs from pursuing their federal claims in any forum. *Kenny A. ex rel. Winn v. Perdue*, 218 F.R.D. 277, 285 (N.D. Ga. 2003). Based upon these considerations the Court concludes that *Younger* abstention is not appropriate.

The Charlevoix Defendants' alternative request for abstention under the *Burford* doctrine calls for a somewhat different analysis. The *Burford* doctrine, first invoked in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), provides that

> [w]here timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state

>law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*Habich v. City of Dearborn*, 331 F.3d 524, 532 (6th Cir. 2003) (quoting *New Orleans Public Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1989) ("NOPSI")). "'[T]he power to dismiss recognized in Burford represents an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it.'" *Adrian Energy Assoc. v. Mich. Pub. Serv. Comm'n*, 481 F.3d 414, 423 (6th Cir. 2007) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996)). "Because *Burford* abstention is concerned with potential disruption of a state administrative scheme, rather than the mere existence of such a scheme, we must look behind the action to determine whether it implicates the concerns raised in *Burford*." *Id.* at 423-34.

In *MacDonald v. Village of Northport*, 164 F.3d 964 (6th Cir. 1999), the Sixth Circuit held that the district court properly abstained from considering a lawsuit relating to the ownership and land use of a portion of a platted street because Michigan law provides a regulatory scheme to address disputes relating to land use. *Id.* at 968. The Sixth Circuit followed *Pomponio v. Fauquier County Bd. of Supervisors*, 21 F.3d 1319, 1328 (4th Cir. 1994) (en banc), which emphasized that abstaining under *Burford* was especially appropriate in land use cases. *MacDonald*, 164 F.3d at 969.

>"[W]e believe that cases involving questions of state and local land use and zoning law are a classic example of situations in which the exercise of federal review of the question in a case and in similar cases would be disruptive of

> state efforts to establish a coherent policy with respect to a matter of substantial public concern. We can conceive of few matters of public concern more substantial that zoning and land use laws."

*Id.* (quoting *Pomponio*, 21 F.3d at 1327 (internal quotations omitted)).

In *Pomponio*, the court concluded that "absent unusual circumstances, a district court should abstain under the *Burford* doctrine from exercising its jurisdiction in cases arising solely out of state or local zoning or land use law, despite attempts to disguise those issues as federal claims." 21 F.3d at 1327. The Sixth Circuit in *MacDonald* determined that abstention was appropriate as to all of the plaintiffs' claims, including their federal constitutional takings claims, because those claims, like the federal claims in *Pomponio*, were "'really state law claims because it is either the zoning or land use decisions, decisional processes, or laws that are the basis for the plaintiffs' federal claims.'" *Id.* (quoting *Pomponio*, 21 F.3d at 1326).

The *Burford* abstention doctrine was applied by the Eastern District of Michigan in a case with facts similar to those before this Court. In *Saginaw Housing Comm'n v. Bannum Inc.*, Nos. 08-12148-BC, 08-12154-BC, 2008 WL 3843541 (E.D. Mich. Aug. 14, 2008), the plaintiffs alleged that the defendant city violated its zoning ordinance when it issued a special use permit, and that this noncompliance with the procedural requirements of the code equated to a nuisance *per se. Id.* *1. The district court remanded the entire action to the state court, including the plaintiffs' potential federal claims, based upon its determination that the plaintiffs' complaint primarily concerned issues of state land use. *Id.* at *4.

11

The same can be said with respect to Plaintiffs' federal claims in this case. The substantive core of Plaintiffs' allegations is two-fold:  1) that the City failed to observe required procedures that would have provided notice to parties potentially aggrieved by the issuance of the zoning permit, and that, as a result, they did not receive timely notice of the decision and were unable to timely appeal the decision to the ZBA, and 2) that the Anderson Defendants' actions pursuant to the zoning permit will exceed the scope of the prescriptive easement and will constitute a nuisance *per se.*  Plaintiffs' due process claims stem directly from and are dependent on their state law zoning and land use claims because it is the issuance of the zoning permit, the right to notice under the zoning laws, and the scope of the prescriptive easement that are the basis for the Plaintiffs' federal claims.  Resolution of whether or not Plaintiffs have a due process interest at all will depend upon a determination of the rights they have under state law.

The Court observes, however, that the *Burford* doctrine only applies to federal courts sitting in equity. *Habich*, 331 F.3d at 532. Plaintiffs in this case have requested damages as well as equitable relief in conjunction with their federal constitutional claims. Subsequent to the Fourth Circuit's opinion in *Pomponio* the Supreme Court determined that dismissal, based on abstention principles, is appropriate only where the relief sought is equitable or otherwise discretionary. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996). In light of *Quackenbush* "'a dismissal based on abstention is appropriate only where the relief sought is equitable or otherwise discretionary.'" *Superior Beverage Co. v. Schieffelin & Co.*, 448 F.3d 910, 914 (6th Cir. 2006) (quoting *MacDonald*, 164 F.3d at 969, n.4). *Burford*

abstention does not apply to suits seeking damages. *Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 662 (6th Cir. 2002).

Where, as here, Plaintiffs seek damages as well as equitable relief, it would not be appropriate to dismiss Plaintiffs' federal claims on the basis of the *Burford* abstention doctrine. On the other hand, proceeding with the case would require the Court to determine whether the zoning board acted arbitrarily in issuing the permit, and what process was due to the neighboring landowners when the zoning permit was issued. Acting on such issues would be disruptive of state efforts to establish a coherent policy with respect to zoning and land use. *See Pomponio*, 21 F.3d at 1327 ("we believe that in the usual case federal courts should not leave their indelible print on local and state land use and zoning law by entertaining these cases and, in effect, sitting as a zoning board of appeals . . . or a Planning Commission, or Board of Supervisors . . . .") (citing *village of Belle Terre v. Boraas*, 416 U.S. 1, 13 (1974)).

There is another option not requested by the parties. That option is to remand the state claims and to stay a determination on the federal constitutional claims pending resolution of the state claims in state court. As noted in *MacDonald*, *Quackenbush* only overruled *Pomponio* "to the extent that *Pomponio* permitted a district court to dismiss an action for damages rather than enter a stay to await the conclusion of state proceedings." 164 F.3d at 969, n.4. *See also Front Royal and Warren County Indus. Park Corp. v. Town of Front Royal*, 135 F.3d 275, 282 (4th Cir. 1998) ("In damages actions, a federal court cannot dismiss the action but can enter a stay to await the conclusion of state proceedings.").

Removal of this action was premised on the Court's original jurisdiction over the Plaintiffs' federal due process claims, 28 U.S.C. § 1331, and on the Court's supplemental jurisdiction over Plaintiffs' state law claims, 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction, however, is discretionary. A district court may decline to exercise supplemental jurisdiction over a state law claim under 28 U.S.C. § 1367 if the state law claim "raises a novel or complex issue of State law," or if the state law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(1), (2). When a federal question is joined with an otherwise non-removable claim or cause of action, and the entire case is removed, the "district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c). Whether the circumstances warrant such a remand depends upon principles of judicial economy, procedural convenience, fairness to litigants, and comity to the States. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

Some of the arguments Defendants have raised suggest that Plaintiffs' state law claims are not substantial enough to merit remand. For example, Defendants contend that Plaintiffs' state law claims are subject to dismissal for failure exercise administrative remedies, on the basis of res judicata, or because they are subsumed by Plaintiff Johnson's appeal.

Michigan case law suggests that a complaint will be dismissed for lack of jurisdiction where the plaintiff failed to timely appeal the zoning decision. *See, e.g., Krohn v. City of Saginaw*, 175 Mich. App. 193, 437 N.W.2d 260 (1989) (affirming the circuit court's

dismissal of the plaintiffs' complaint for lack of jurisdiction over the subject matter, where the plaintiffs had not timely claimed an appeal from the decision of the planning commission); *see also Sieradzki v. City of Muskegon*, No. 220130, 2000 WL 33407364 at *2 (Mich. App. Aug. 25, 2000) (holding that the plaintiff's untimely appeal of the city commission's decision deprived the circuit court of subject matter jurisdiction and the ability to rule on the merits of the case); *Moore v. Pajay Inc.*, No. 188693, 1998 WL 1997637 at *8 (Mich. App. Feb. 27, 1998) (holding that the plaintiffs' failure to timely file an appeal from the ZBA's decision deprived the circuit court of jurisdiction over the claims against the township defendants).

Although none of the Plaintiffs appealed the issuance of the zoning permit to the ZBA within the applicable time period provided by the zoning ordinance, and although the dismissal of Plaintiff Johnson's untimely appeal to the ZBA was affirmed by the Charlevoix County Circuit Court, this Court is satisfied that Plaintiffs' allegations raise a colorable issue of state law as to whether the timing requirements of the Ordinance may be inequitable in this situation. *See Saginaw Housing Comm'n*, 2008 WL 3843541 at *3 (holding that the plaintiffs' contention that they did not have timely notice of the city planning commission's decision and, as a result, were in no position to appeal the decision to the zoning board of appeals, provided a colorable basis to conclude that the timing requirements of M.C.L. § 125.3606 might be inequitable in their situation). There is also a genuine issue as to whether the Plaintiffs are all in privity such that Plaintiff Johnson's actions can bind the rest of the Plaintiffs.

In this case issues of state law predominate, and principles of fairness and comity weigh in favor of remanding Plaintiffs' state claims to the state court from which they were removed. The Charlevoix County Circuit Court is more familiar with the City of Charlevoix Zoning Ordinance, with state zoning and land use law, and with state law on privity, res judicata, and governmental immunity. The parties also have a history in the Charlevoix County Circuit Court relating to the prescriptive easement that is at issue in this case. Plaintiffs' state law zoning and land use claims substantially predominate over the federal due process claims over which this Court has original jurisdiction. The Court accordingly declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. The Court will not dismiss the federal claims, but will instead stay these claims pending the conclusion of the state court proceedings.

An order consistent with this opinion will be entered.


Dated: September 8, 2008            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE